| | |
|---|---|
| STATE OF MONTANA | IN DISTRICT COURT |
| COUNTY OF FALLON | SIXTEENTH JUDICIAL DISTRICT |

John L. Hadley, and Carolyn A. Hadley, )
      Plaintiffs, )
       )
vs. ) **COMPLAINT**
       )
WBI Energy Transmission, Inc., )
Montana-Dakota Utilities Co., MDU )
Resources Group, Inc.; )
       )
      Defendants. )

Plaintiff, for its cause of action alleges as follows:

I.

Plaintiffs are the owners of real property located in Fallon County, Montana more particularly described as follows:

> Township 10 North, Range 58 East
> Section 5: SW4NW4, SW4
> Section 15: E2SW4SW4
> Section 21: All
> Section 27: All
> Section 33: N2, N2S2, S4SW4, S2SE4
> Section 35: W2, W2E2, E2SE4

II.

Defendant WBI Energy Transmission, Inc. is a Delaware Corporation with its principal place of business in Bismarck, North Dakota, registered to do business in Montana as shown from the records of the Secretary of State of the State of Montana.

III.

1

Defendant MDU Resources Group, Inc. is a Delaware Corporation with its principal place of business in Bismarck, North Dakota, registered to do business in Montana as shown from the records of the Secretary of State of the State of Montana.

IV.

Defendant Montana Dakota Utilities Co. is a Delaware Corporation with its principal place of business in Bismarck, North Dakota, registered to do business in Montana as shown from the records of the Secretary of State of the State of Montana.

V.

This action is brought by Plaintiffs seeking an order quieting title in their favor against Defendants, Montana-Dakota Utilities Co., WBI Energy Transmission, Inc., and their predecessor in interest, MDU Resources Group, Inc., to a fee simple absolute interest in the above-described property (hereinafter "Property") that was obtained by way of warranty deed; or in the alternative to declare the agreement entered into by predecessors of Plaintiffs void or voidable and to declare the Defendants' activity on Plaintiffs' land as trespass and to compensate Plaintiffs for damages to the Property.

QUIET TITLE

VI.

Defendant, WBI Energy Transmission, Inc. claims a leasehold interest in the properties, adverse to Plaintiffs as indicated by correspondence from WBI Energy Transmissions, Inc.

VII.

Pursuant to a sixty-nine year old, unrecorded Agreement dated June 1st 1946, Northern Pacific Railway Company (hereinafter "Northern Pacific") and Northwestern Improvement Company leased the Property identified in paragraph I to Montana Dakota Utilities Co., for the purposes of utilizing the porous subsurface for underground gas storage. See exhibit 1 attached hereto. Plaintiffs are not a party to this agreement.

VIII.

Upon information and belief, Montana-Dakota Utilities, Co. is a party in interest under the Agreement. Upon information and belief Montana-Dakota Utilities, Co. assigned a partial beneficial interest in the 1946 Agreement to Defendant, WBI Energy Transmission, Inc.

IX.

Upon information and belief Defendant WBI Energy Transmission, Inc. is a wholly owned subsidiary of Defendant, MDU Resources Group, Inc.

X.

Upon information and belief Montana-Dakota Utilities Co., is a division of MDU Resources Group, Inc.

XI.

After conducting a proper title search of the Property, Plaintiffs purchased said Property pursuant to a warranty deed. See exhibit 2 attached hereto. As owners of the surface in fee

simple, under Montana law, Plaintiffs are also owners of the pore space beneath the surface. Mont. Code. Ann. §70-16-101.

XII.

Plaintiffs received a letter from Defendant, WBI Energy Transmission, Inc., alleging that they are entitled to utilize the pore space beneath the surface of Plaintiff's property pursuant to the unrecorded 1946 Agreement.

XIII.

Plaintiffs rejected the premise set forth in the letter and informed Defendant, WBI Energy Transmission, Inc., that Plaintiffs were not bound by the 1946 Agreement.

XIV.

Prior to being contacted by the Defendant, WBI Energy Transmission, Inc. Plaintiffs were unaware of any adverse claims to the property. Plaintiffs exercised due diligence prior to purchasing the property and had a good faith belief, based on their proper title search, that they were fee simple owners of both the surface and subsurface of the property, and that the property was not subject to any adverse liens, encumbrances, or leases.

XV.

The Plaintiffs have lost the commercially viable use of their property as Defendant, WBI Energy Transmission, Inc., continues to store gas on Plaintiffs' property without paying them adequate compensation. Defendant, WBI Energy Transmission, Inc. implies that the compensation set forth in the 1946 agreement should apply.

XVI.

Plaintiffs are entitled to a decree from this Court quieting title and interest in and to the surface estate, including pore space in and under the Property, and declaring that Plaintiffs' interest in the estate is superior to any interest claimed by the Defendants. Plaintiffs seek adequate compensation for Defendants' use of Plaintiffs' land, and for an order requiring Defendants to cease storing gas on the Property.

TRESPASS

XVII.

Defendants intentionally and unlawfully entered Plaintiffs' property and stored natural gas on the property without permission or notice to Plaintiffs. Defendants' unauthorized intrusion and invasion onto the Property of Plaintiffs has caused Plaintiffs to lose any commercial alternative use of their property.

XVIII.

Defendants have deprived the Plaintiffs of their right to exclusive possession of the land.

THE AGREEMENT IS VOID

XIX.

In 1946 Montana-Dakota Utilities, Co. and Northern Pacific Railway Company (hereinafter "NPRY") and Northwestern Improvement Company (hereinafter "NWI"), entered into an Agreement (hereinafter "Agreement"). This Agreement granted Montana-Dakota Utilities, Co. the right to store gas in the porous sub surface space of the Property at issue.

XX.

Upon information and belief Montana-Dakota Utilities, Co. is predecessor in interest to WBI Energy Transmission, Inc.

XXI.

Plaintiffs are not a party to the Agreement. Plaintiffs purchased the property at issue with no notice of the agreement. The Agreement was never recorded. Plaintiffs conducted a proper title search of their property and in good faith believed the property was unencumbered.

XXII.

SURFACE DAMAGE AND DISRUPTION PAYMENTS

Mont. Code Ann. §82-10-504 provides in relevant part:

> The oil and gas developer or operator shall pay the surface owner a sum of money or other compensation equal to the amount of damages sustained by the surface owner for loss of agricultural production and income, lost land value, and lost value of improvements caused by oil and gas operations.

Defendant, WBI Energy Transmission, Inc. is the oil and gas developer or operator on Plaintiffs' land. WBI Energy Transmission, Inc. further implies that Plaintiffs' compensation should be limited to the 1946 Agreement which Plaintiffs are not a party to. Pursuant to Montana law, Defendant, WBI Energy Transmission, Inc. is required to compensate Plaintiffs' for the full value of damages to their land including loss of agricultural production and income, lost land value, and lost value of improvements caused by oil and gas operations.

XXIII.

Plaintiffs are not bound by the Agreement as it does not run with the land and Plaintiffs were bona fide purchasers for value. Plaintiffs are bona fide purchasers for value because they purchased the Property for valuable consideration without knowledge of the Agreement and without knowledge of facts sufficient to put an ordinarily prudent person upon inquiry as to the Agreement.

WHEREFORE, The Plaintiffs respectfully requests the following relief from the Court:

1. That the Defendants be required to set forth all of their adverse claims to the above described property and the validity, superiority, and priority thereof be determined;
2. That any claim of the Defendants be adjudged null and void and that it be decreed to have no estate or interest in, or lien or encumbrance upon, the Property;
3. That this title be quieted as to such claim, and that Defendants be forever debarred and enjoined from further asserting the same;
4. That the warranty deed issued to Plaintiffs be adjudged superior to and effective over the Agreement between Defendant's predecessors in interest and Northern Pacific Railway Company and Northwestern Improvement Company;
5. That the Agreement between Defendant's predecessors in interest and Northern Pacific Railway Company and Northwestern Improvement Company be adjudged void;
6. That the Plaintiff be decreed to be the owners of the Property referenced herein, as stated above;
7. That the Defendants interference with the Plaintiffs' property be declared a trespass;

8. That the court award just compensation to the Plaintiffs for the unlawful use of Plaintiffs' property by Defendants.

9. That the court order Defendants to pay Plaintiffs as surface owners of the Property a sum of money equal to the amount of damages sustained by Plaintiffs for the loss of value to Plaintiffs' land caused by Defendants' oil and gas operations.

10. That the Plaintiffs have such costs, attorney's fees, and other general relief as may be just.

Dated this ___ 12 day of November, 2015

MACKOFF KELLOGG LAW FIRM
Attorneys for Plaintiff
38 2nd Ave E
Dickinson, ND 58601
Telephone: (701) 456-3236
jlarsen@mackoff.com

By:_____
Jared D. Larsen, Attorney No. #13627
jlarsen@mackoff.com

8

| | |
|---|---|
| STATE OF MONTANA | IN DISTRICT COURT |
| COUNTY OF FALLON | SIXTEENTH JUDICIAL DISTRICT |

John L. Hadley, and Carolyn A. Hadley, )
    Plaintiffs, )
     )
vs. ) **SUMMONS**
     )
WBI Energy Transmission, Inc., )
Montana-Dakota Utilities Co., MDU )
Resources Group, Inc.; )
     )
    Defendants. )

THE STATE OF MONTANA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to appear and defend against the Complaint in this action, which is herewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. The Complaint has also been filed in the District Court for Fallon County located in the Sixteenth Judicial District Courthouse in Forsyth, Montana in the District Court.

Dated this 12 day of November, 2015

                                                          MACKOFF KELLOGG LAW FIRM
                                                          Attorneys for Plaintiff
                                                          38 2nd Ave E
                                                          Dickinson, ND 58601
                                                          Telephone: (701) 456-3236
                                                          jlarsen@mackoff.com

                                                          By:_____
                                                          Jared D. Larsen, Attorney No. #13627
                                                          jlarsen@mackoff.com